IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

COALESCE CAPITAL LLC,           §
                                §
        Plaintiff,              §
                                §
V.                              §        No. 3:26-cv-1272-O
                                §
ROMAN DIGITAL, LLC, ET AL.,     §
                                §
        Defendants.             §

**MEMORANDUM OPINION AND ORDER**

This lawsuit is based on a real estate investment deal that never closed, in which Plaintiff Coalesce Capital LLC ("Coalesce") alleges that it "deposit[ed] $600,000 into an escrow account in exchange for [Defendant Roman Digital, LLC's ("Roman")] purported $13.2 million investment in a multifamily residential building located in Portage, Indiana"; that "Defendants never intended to cause Roman to invest in or close on the Property"; and that, "[r]ather, Roman entered into the Escrow Agreement solely to obtain $660,000 from Coalesce." Dkt. No. 1.

With its complaint, Coalesce filed a motion for leave to conduct expedited discovery [Dkt. No. 3] and has since filed a motion for substitute service [Dkt. No. 7] and an emergency motion for ruling on the discovery motion [Dkt. No. 8].

On June 4, 2026, Chief United States District Judge Reed O'Connor referred all three motions to the undersigned United States magistrate judge for final determination under 28 U.S.C. § 636(b)(1). *See* Dkt. No. 9.

The Court GRANTS the motions for the following reasons.

Under Federal Rule of Civil Procedure 26(d)(1), "a party may not seek

discovery from any source before the parties have conferred as required by [Federal Rule of Civil Procedure] 26(f), except when authorized by these rules, by stipulation, or by court order.'" *MODE Global, LLC v. Kuriger*, 350 F.R.D. 271, 274 (N.D. Tex. 2025) (cleaned up; quoting *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-808-M, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015)).

And, while "[t]he Federal Rules do not provide a standard for ordering expedited discovery," district courts in this circuit "utilize a 'good cause' standard." *Fiduciary Network*, 2015 WL 11120985, at *1; *see also Dish Network L.L.C. v. Motasaki*, No. 4:20-CV-1702, 2020 WL 10786543, at *1 (S.D. Tex. June 26, 2020) ("Any party seeking expedited discovery must show good cause." (citation omitted)).

Under this standard, "as applied in this circuit, courts consider five factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *EYM Pizza of Ga. LLC v. Pizza Hut LLC*, No. 3:24-cv-646-X, 2024 WL 1743363, at *1 (N.D. Tex. Mar. 27, 2024) (cleaned up).

And, so, "good cause typically exists where" "[t]he party seeking expedited discovery" demonstrates that "the need for expedited discovery outweighs the prejudice to the responding party," while showing that "the scope of the requests [are] narrowly tailored to the necessary information [sought]." *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016) (cleaned up).

As Coalesce explains, "[a]s it stands," it

does not know where its money is currently located. [Dkt. No. 1, ¶ 68.] Upon information and belief, Defendants may have transferred the money to their own personal and/or commercial accounts, the account of third-party agents (such as attorneys) or a foreign entity's account that is allegedly Defendants' joint venture partner. Thus, Coalesce asks this Court to immediately permit it to pursue limited discovery. Specifically, Coalesce asks this court for permission to issue reasonably tailored third-party subpoenas and discovery requests, and for those responses to be due in seven days after service, upon entities and individuals including (but not limited to):

· Defendants;

· Regions Bank, the Alabama banking corporation that temporarily held the escrow funds and serves as Defendants' commercial bank [*Id.*, ¶¶ 22-25]; and

· Empire Commercial Solutions Inc. ("Empire"), the commercial mortgage broker that procured Defendants as the funding agents for the underlying property purchase. [*Id.*, ¶¶ 14-15.]

Dkt. No. 3 at 2; *see also id.*, Exs. 1, 2, & 3 (proposed document requests and proposed document request riders to the subpoenas).

Where, like here, it's plausibly alleged that a plaintiff's funds have been wrongly retained by defendants, that provides good cause to authorize expedited discovery as to the location of those funds, without knowing which could seriously undermine the effectiveness of this lawsuit. *Cf. Tory Burch LLC v. P'Ships & Unincorporated Ass'ns Identified on Schedule A*, 13 C 2059, 2013 WL 1283824, at *10 (N.D. Ill. Mar. 27, 2013) ("In this case there is good cause to allow for expedited discovery. Because the Defendants in this case are located overseas and have gone to great lengths to conceal their identities and avoid detection, it is likely that this Court's restraining order would be of little value if the Plaintiffs are unable to discover the Defendants' bank accounts and serve the financial institutions maintaining those accounts.").

And, applying the applicable standards to the proposed document requests and

subpoena riders, the Court finds that these requests are narrowly tailored enough and not too burdensome under all the relevant circumstances.

Turning to the motion for substitute service, under

> Federal Rule of Civil Procedure 4(e)(1), a party may be served by "following state law for serving a summons." In this case, Texas law applies and permits service by personal service or certified mail. TEX. R. CIV. P. 106(a). But Rule 106 also authorizes a court to order substituted methods of service. Only after service by one of the two methods provided in Rule 106(a) fails, may a court, upon motion supported by proper affidavit, authorize substitute service. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).
>
> Upon motion of the plaintiff with a sworn statement listing the location a defendant can be found, and the facts of the attempted, yet unsuccessful service, a court may authorize service "in any other manner, including electronically by social media, email, or other technology, that ... evidence shows will be reasonably effective to give the defendant notice of suit." TEX. R. CIV. P. 106(b)(2). "[S]ubstitute service is not authorized ... without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

*Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *2 (5th Cir. Feb. 14, 2022); *accord Am. Home Assurance Co. v. Zeus Plumbing*, No. SA-23-CV-01424-XR, 2024 WL 4795986, at *3 & n.1 (W.D. Tex. Aug. 20, 2024).

Coalesce explains that, while it has successfully served Defendant Phillip Neri, it has attempted, without success, "to serve Defendants Roman, [Kristopher] Lopez, and [Paul] Mera varying times from April 30, 2026 through May 6, 2026." Dkt. No. 7 at 1-2 (citing Dkt. No. 7-1 (affidavit of Eric M. Jimenez, process server)):

> Roman is an inactive Texas limited liability company, and Lopez is the registered agent, founder, and sole member of Roman. As outlined in [Dkt. No. 7-1], Mr. Jimenez attempted to serve Roman and Kristopher Lopez [ ] four separate times at 808 Crawford Street, Apt. 4013, Houston, Harris County, TX 77010. Mr. Jimenez has confirmed that Lopez does reside at this address through an adolescent, Mason, who answered the door and stated Lopez was not home. Similarly, Mr.

Jimenez attempted to serve Mera five separate times at 800 Crawford Street, Apt. 3514, Houston, Harris County, TX 77010. Mr. Jimenez has confirmed that Mera does reside at this address and spoke with Mera over the phone, who confirmed [he] was not home.

Mr. Jimenez's affidavit declares under penalty of perjury that his statements in his affidavits are true and correct. Mr. Jimenez has identified where Roman, Lopez, and Mera can probably be found and has attempted service under Federal Rule of Civil Procedure 4(e)(2)(A) and Texas Rule of Civil Procedure 106(a)(1).

After Plaintiff prepared this Motion, Defendant Kristopher Lopez contacted Plaintiff's counsel by email in the afternoon on May 27, 2026, acknowledging awareness of this action and stating that Roman Digital LLC and Mr. Lopez were "willing to discuss waiving formal service" following retention of counsel, which Defendants anticipated completing "on or before June 5, 2026." [*See* Dkt. No. 7-2.]

While Plaintiff appreciates Defendants' communication, Defendants have not agreed to waive service, no waiver has been executed, and counsel has not appeared on behalf of Roman Digital LLC or Mr. Lopez. Given the prior unsuccessful attempts at personal service and the absence of any executed waiver, Plaintiff respectfully submits that substitute service remains appropriate. The correspondence further confirms that service by email is reasonably calculated to provide Defendants notice of this action under Texas Rule of Civil Procedure 106(b)(2).

Dkt. No. 7 at 2-4 (cleaned up; requesting, in sum, that the Court authorize service on Roman, Lopez, and Mera by leaving a copy of the summons and complaint at Lopez's and Mera's addresses and by email); *cf. CT Cash LLC v. Anns Boys Logistics Inc.*, No. 3:23-cv-788-S, 2023 WL 8816379, at *4 (N.D. Tex. Dec. 19, 2023) (In general, a domestic or foreign corporation, a partnership, or other unincorporated association "may be served 'in the manner prescribed by Rule 4(e)(1) for serving an individual,' 'following state law for serving a summons.' FED. R. CIV. P. 4(h)(1)(A); (e)(1). 'Service must be made on the corporation's registered agent, president, or any vice president,' and a corporation's agent may be served by the methods found in Texas Rule of Civil Procedure 106(b). *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex.

App. – Houston [1st District] 2013, no pet.) (citing TEX. BUS. ORGS. CODE §§ 5.201(b), 5.255(1)); *see Westchester Fire Ins. Co. v. Saab Site Contractors, L.P.*, No. EP-17-CV-00333-DCG, 2018 WL 7283632, at *1 (W.D. Tex. Oct. 30, 2018).").

Because Coalesce's motion and the attached affidavit comply with Rule 106, the Court grants its request for substitute service to the extent that the Court authorizes a process server over the age of eighteen years (1) to serve Defendants Roman Digital, LLC and Kristopher Lopez by leaving a copy of the summons and the complaint at 808 Crawford Street, Apt. 4013, Houston, Texas 77010 and by emailing the same to k@romandigital.io and (2) to serve Defendant Paul Mera by leaving a copy of the summons and the complaint at 800 Crawford Street, Apt. 3514, Houston, Texas 77010 and by emailing the same to paul@romandigital.io.

SO ORDERED.

DATED: June 5, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE