IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COALESCE CAPITAL LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1272-O |
| | § | |
| ROMAN DIGITAL, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

In an order entered on July 15, 2026 [Dkt. No. 28], the Court indicated that it was inclined to grant Plaintiff Coalesce Capital LLC's motion to compel [Dkt. No. 19], a motion that Chief United States District Judge Reed O'Connor referred to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b)(1), *see* Dkt. No. 20.

After the Court ordered Coalesce to serve a copy of the motion to compel and the July 15 order on Defendants Roman Digital, LLC, Kristopher Lopez, and Paul Mera, and after Defendants failed to respond, *see* Dkt. Nos. 28, 33, & 34, the Court granted the motion to compel on August 11, *see* Dkt. No. 35.

The Court then entered an order on August 25, explaining that, in granting the motion to compel, the Court

> noted that Federal Rule of Civil Procedure 37(a)(5) requires the Court to order payment of the movant's reasonable expenses in making a motion to compel, including payment of attorneys' fees, when a motion to compel is granted but also that Rule 37(a)(5)(A) requires the Court to give Defendants an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. *See* FED. R. CIV. P.

> 37(a)(5)(A)(i)-(iii).
>
> The Court found that Plaintiff filed this motion to compel only after attempting to obtain the discovery without court action and that the first exception does not apply here. *See* FED. R. CIV. P. 37(a)(5)(A)(i).
>
> But the Court gave each of the Defendants an opportunity to, by Friday, August 21, 2026, file a response explaining why the Court should not, under Rule 37(a)(5)(A), require Defendants Roman Digital, LLC, Kristopher Lopez, and Paul Mera to, jointly and severally, pay Plaintiff's reasonable expenses and attorneys' fees incurred in having its counsel draft and file its Motion to Compel Responses to Plaintiff's Expedited Discovery against Defendants Roman Digital, LLC, Kristopher Lopez, and Paul Mera [Dkt. No. 19] and to fully explain whether either of the other two exceptions under Rule 37(a)(5)(A)(ii)-(iii) applies. *See* FED. R. CIV. P. 37(a)(5)(A) (providing that "the court must not order this payment if: (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust").
>
> Nothing has been filed, and, so, the Court orders that, under Rule 37(a)(5)(A), Defendants Roman Digital, LLC, Kristopher Lopez, and Paul Mera must, jointly and severally, pay Plaintiff's reasonable expenses and attorneys' fees incurred in having its counsel draft and file its Motion to Compel Responses to Plaintiff's Expedited Discovery against Defendants Roman Digital, LLC, Kristopher Lopez, and Paul Mera [Dkt. No. 19], where their nondisclosure, response, or objection was not substantially justified and no circumstances make an award of expenses unjust.
>
> Plaintiff must, by no later than Monday, September 14, 2026, file an application for attorneys' fees that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees to be awarded under Rules 37(a)(5). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002).
>
> If an application is filed, Defendants must file a response by Monday, October 5, 2026, and Plaintiff must file any reply by Monday, October 19, 2026.
>
> Finally, Plaintiff must serve a copy of this Electronic Order and the Courts August 11, 2026 Electronic Order [Dkt. No. 35] on Defendants Roman Digital, LLC, Kristopher Lopez, and Paul Mera and then file a certificate of service.

Dkt. No. 38 (cleaned up).

Coalesce timely filed its application. *See* Dkt. No. 42. And, continuing the established pattern, no response was filed.

"As with any other fee application governed by federal law, this Court uses the 'lodestar' method to calculate attorney's fees." *Sheets v. Martin Marietta Materials, LLC*, No. 3:21-cv-1146-L, 2026 WL 657597, at *2 (N.D. Tex. Mar. 9, 2026) (cleaned up; quoting *Castle Energy Grp., LLC v. Universal Ensco, Inc.*, No. 4:23-cv-4314, 2024 WL 5185698, at *1 (S.D. Tex. Nov. 19, 2024); collecting cases).

Although Coalesce's application is unopposed, the Court still must determine the appropriate lodestar, which, here, is calculated by multiplying the number of hours its counsel reasonably spent to "draft and file its Motion to Compel Responses to Plaintiff's Expedited Discovery against Defendants Roman Digital, LLC, Kristopher Lopez, and Paul Mera [Dkt. No. 19]," Dkt. No. 38, by a reasonable hourly rate, *see, e.g.*, *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

Under Rule 37(a)(5)(A), "a party seeking attorneys' fees may only recover for time spent in preparing and prosecuting the actual discovery motion – that is, the 'reasonable expenses incurred in making the motion, including attorney's fees.'" *Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019) (quoting FED. R. CIV. P. 37(a)(5)(A)).

"This includes time spent on additional briefing and any oral argument or hearing and can include '"fees on fees" for the time expended in filing a motion for attorneys' fees.'" *Id.* (quoting *Wysocki v. Dourian*, No. 2:17-cv-333-JAD-NJK, 2017

WL 4767145, at *2 (D. Nev. Oct. 20, 2017); citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2018 WL 3068172, at *3 (D. Kan. June 21, 2018)).

But "[i]t is within the district court's wide discretion to award or deny fees on fees, based on its evaluation of the merits of the underlying fee request." *DaSilva v. U.S. Citizenship & Immigration Servs.*, 599 F. App'x 535, 544-43 (5th Cir. 2014) (citation omitted).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett*, 285 F.3d at 368. Generally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there. *See id.* But the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014).

In general, the party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and

reputation," *Blum*, 465 U.S. at 896 n.11; *but cf. Primrose Operating*, 382 F.3d at 562, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

And movants seeking attorneys' fees are "charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).

The Court should use this reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457. The hours remaining are those reasonably expended. *See id.*

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

And, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

The Court has reviewed the application and its attached evidence – counsel's declaration [Dkt. No. 42-1] attaching contemporaneous billing records [Dkt. No. 42-

2] – under these standards and determines that the hourly rates for the attorneys' work on this discovery dispute are reasonable compared to "the prevailing hourly rate in the community[ – the Dallas Division of the Northern District of Texas – ]for similar work." *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016).

The applicable evidence also supports that the number of hours expended are "only … for time spent in preparing and prosecuting the actual discovery motion." *Liberty Ins. Underwriters*, 2019 WL 7900687, at *5.

And, so, the Court finds the appropriate lodestar to be 9.1 hours at a blended hourly rate just shy of $511.81, which results in a total of $4,657.50.

And, while the Court has considered applicable *Johnson* factors, *see Johnson v. Ga. Highway Express*, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989), the lodestar is presumed to be reasonable and should only be modified in exceptional cases. And the Court determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

In sum, the Court GRANTS Plaintiff Coalesce Capital LLC's application for attorneys' fees [Dkt. No. 42] in full and AWARDS attorneys' fees of $4,657.50 under Federal Rule of Civil Procedure 37(a)(5)(A).

SO ORDERED.

DATED: November 13, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE